IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY FRIDAY, SR.,

  Plaintiff,

-VS-

SALLIE MAE, INC.,

  Defendant.
_____/

CASE NO.:  1:14-CV-558-TCB-ECS

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT

The Plaintiff, TIMOTHY FRIDAY, SR., by and through his undersigned counsel, sues the Defendant, SALLIE MAE, INC., and in support thereof respectfully alleges the following:

### JURISDICTION AND VENUE

1. This is a civil action for money damages in an amount that exceeds $15,000, exclusive of costs, interest, and attorneys' fees.

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331 as this case presents a federal question, and pursuant to 15 U.S.C. § 1692k(d).

3. Plaintiff brings this action to recover statutorily prescribed damages for acts on the part of Defendant in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA").

4. The alleged violations described herein occurred in Henry County, Georgia. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## PARTIES

5. Plaintiff, TIMOTHY FRIDAY, SR., is a natural person over the age of eighteen (18), who resides in the City of Hampton, County of Henry, State of Georgia at the time of the harassment and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant, SALLIE MAE, INC., (hereinafter "SALLIE MAE") is a foreign corporation authorized to conduct business and conducting business in the state of Georgia, with its principal place of business at 2001 Edmund Halley Drive, Reston, Virginia 20191-3436.

## FACTUAL ALLEGATIONS

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C §1692(a)(6).

8. The debt that is the subject matter of this complaint is a "consumer debt" as defined by 15 U.S.C. §1692(a)(5), as the debt arose from a transaction incurred for personal, family or household purposes.

9. As described herein, Defendant employed business practices resulting in intentional harassment and abuse of the Plaintiff and engaged in patterns of outrageous, abusive and harassing conduct by and through its agents and representatives in an effort to collect alleged student loan debt from Plaintiff in the amount of approximately $30,000.00.

10. Upon information and belief, the student loan debt at issue was in default at the time Defendant SALLIE MAE obtained or acquired the loan(s) for servicing and engaged in the conduct set forth herein.

11. Defendant engaged in collection conduct in violation of the FDCPA constituting intentional harassment and abuse of the Plaintiff, by and through its agents and representatives, on numerous occasions within the one (1) year period preceding the filing of this action.

12. As described herein, Defendant implemented its unlawful conduct by initiating calls to Plaintiff's residential telephone number, (770) 477-0514, and sending collection letters to Plaintiff, in an effort to collect the above described alleged debt.

13. To date, Plaintiff has received numerous letters and approximately five hundred (500) calls on his aforementioned residential telephone number from Defendant SALLIE MAE since January of 2012 with respect to the above described

alleged debt, and the calls and letters continued through the date of filing of the Complaint in this matter.

14. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times per day, and on back to back days, with such frequency as can reasonably be expected to harass, even after Plaintiff told Defendant's representatives to stop calling.

15. Defendant consents of and has knowledge and control of the collection activities of its agents and representatives, including supervisors, managers, affiliates, subsidiaries, divisions, employees, servants, partners, agents, vendors, assignees, transferees, collectors and/or contractors in connection with the alleged debt described herein.

16. Defendant intentionally harassed and abused the Plaintiff by and through its agents and representatives on numerous occasions, including but not limited to calling Plaintiff's home phone from different phone numbers in an attempt to confuse the Plaintiff as to who was calling, and by calling Plaintiff from phone numbers that did not identify the number as belonging to or originating from SALLIE MAE on Plaintiff's caller ID.

17. Defendant initiated the above described campaign of telephone harassment and abuse in an effort to collect the above described alleged debt from Plaintiff.

18. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of telephone harassment.

19. Defendant's corporate policy is structured to continue to call individuals like the Plaintiff in order to collect alleged debts, despite these individuals requesting that the calls cease.

20. Defendant's corporate policy provided no means for the Plaintiff to have his number removed from the call list.

21. Defendant has a corporate policy to harass and abuse individuals in connection with collection of alleged debts.

22. Defendant followed its corporate policy when attempting to communicate with Plaintiff in an effort to collect the alleged debt described herein.

23. Defendant has been the recipient of numerous complaints from debtors, alleged debtors, and non-debtors across the country, similar to those alleged in this action by Plaintiff.

24. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of calls made to Plaintiff over the relevant time period.

## COUNT I
## VIOLATION OF THE FDCPA
## 15 U.S.C. § 1692 et seq.

25. Plaintiff re-alleges and incorporates by reference the allegations of Paragraphs (1) through (24), as if fully set forth herein.

26. Plaintiff has been the object of collection activity by Defendant arising from an alleged consumer debt.

27. Upon information and belief, the student loan debt at issue was in default at the time Defendant SALLIE MAE obtained or acquired the loan(s) for servicing and engaged in the conduct set forth herein.

28. Accordingly, Defendant is a "debt collector" as defined by the FDCPA, pursuant to 15 U.S.C. § 1692a(6)(F)(iii).

29. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692c(b) by leaving voicemail messages on Plaintiff's voice mail in such a way as to disclose information regarding Plaintiff and/or his debts to third parties.

30. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d by engaging in conduct in connection with the collection of a debt, the natural consequence of which is to harass, oppress, or abuse Plaintiff.

31. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(5) by causing Plaintiff's telephone to ring or engaging Plaintiff in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass Plaintiff at the called number.

32. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692d(6) by calling Plaintiff's telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to provide a meaningful disclosure of its identity.

33. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(10) by the use of any false representation or deceptive means to collect or attempt to collect a debt from Plaintiff or to obtain information concerning Plaintiff.

34. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692e(11) by calling Plaintiff's telephone number and hanging up prior to or as soon as the Plaintiff or the Plaintiff's voice mail answered the call, in such a way as to fail to disclose that the communication was from a debt collector.

35. Defendant engaged in an act or omission prohibited under 15 U.S.C.

§1692f by using unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

36. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692f(2) by accepting a postdated check by more than five days, without more than ten nor less than three business days written notice of intent to deposit said check.

37. Defendant engaged in an act or omission prohibited under 15 U.S.C. §1692g(a) by failing to send Plaintiff the required written validation notice within five (5) days of the initial communication.

38. Defendant's acts and omissions as described herein have directly and proximately resulted in Plaintiff's prior and continuing sustaining of damages as described by 15 U.S.C. § 1692, including but not limited to: statutory damages, actual damages in the form of emotional pain and suffering, fear, worry, embarrassment, humiliation and loss of the capacity for the enjoyment of life, and attorney fees, interest and costs.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant for statutory damages, actual damages, punitive damages, an injunction from similar conduct in the future, attorney fees, costs, interest and such other relief as this Court deems just and proper. Plaintiff further requests trial by jury of all issues so triable.

## **CERTIFICATE OF COMPLIANCE WITH L.R. 5.1**

This is to certify that the foregoing **AMENDED COMPLAINT** complies with the font and point selections approved by the Court in Local Rule 5.1. It is prepared in Times New Roman 14 point font.

This 12th day of May, 2014.

        Respectfully submitted,

        */s/Madeleine N. Simmons*
        Madeleine N. Simmons
        Georgia Bar No. 822807
        Morgan & Morgan, P.A.
        191 Peachtree Street, Suite 4200
        P.O. Box 57007
        Atlanta, Georgia 30343
        Telephone: 404.965.8811
        Facsimile: 404.965.8812
        msimmons@forthepeople.com
        Attorney for Plaintiff

        */s/David P. Mitchell*
        David P. Mitchell, Esquire
        Florida Bar No. 067249
        Morgan & Morgan, Tampa, P.A.
        One Tampa City Center
        Tampa, FL 33602
        Tele: (813) 223-5505
        Fax: (813) 223-5402
        DMitchell@ForThePeople.com
        VMarrero@ForThePeople.com
        Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on this day, May 12, 2014, electronically filed the **AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF, which will automatically serve notice of such filing to counsel for Defendant, Deepa Subramanian:

>/s/Madeleine N. Simmons
>Madeleine N. Simmons
>Georgia Bar No. 822807
>Morgan & Morgan, P.A.
>191 Peachtree Street, Suite 4200
>P.O. Box 57007
>Atlanta, Georgia 30343
>Telephone: 404.965.8811
>Facsimile: 404.965.8812
>msimmons@forthepeople.com
>Attorney for Plaintiff
>
>/s/David P. Mitchell
>David P. Mitchell, Esquire
>Florida Bar No. 067249
>Morgan & Morgan, Tampa, P.A.
>One Tampa City Center
>Tampa, FL 33602
>Tele: (813) 223-5505
>Fax: (813) 223-5402
>DMitchell@ForThePeople.com
>VMarrero@ForThePeople.com
>Attorney for Plaintiff